IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE

Civil Action No. 04-cv-2116-LTB-OES

JEFFREY WINSLOW,
CHRISTOPHER J. HEIMERL, and
WALTER S. DEITCHMAN,

    Plaintiffs,

v.

DATAFUZION, INC., et al.,

    Defendants.
_____

**Order**
_____

Plaintiffs Jeffrey Winslow, Christopher J. Heimerl and Walter S. Deitchman, ("plaintiffs"), have filed a motion to amend their complaint against defendant DataFuzion, Inc., ("DataFuzion"), for violations of the Fair Labor Standards Act. For the reasons stated below, plaintiffs' motion is GRANTED.

### I. STANDARD OF REVIEW

This motion is governed by Fed. R. Civ. P. 15(a), which states in relevant part: "a party may amend the party's pleading only by leave of court or by written consent of the adverse party, and leave shall be freely given when justice so requires." This rule is construed broadly, allowing a party to amend a complaint unless there is evidence of "undue delay, bad faith or dilatory motive." *Forman v. Davis*, 371 U.S. 178, 182 (1962). A district court may deny a motion to amend if the proposed amendment could not have withstood a motion to dismiss or otherwise failed to state a claim. *Ketchum v. Cruz,* 961 F.2d 916, 920 (10th Cir. 1992). Applying this

standard of a Rule 12(b) motion for failure to state a claim or to dismiss, I will deny a motion to amend as futile only if it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

## II.   BACKGROUND

The plaintiffs in this case are former employees of DataFuzion, a Colorado corporation. This action was commenced October 13, 2004 when the three plaintiffs each filed separate complaints against defendants, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 204, *et seq.*, and other state law claims. Each complaint was amended December 9, 2004, and the claims were consolidated on April 22, 2005 by Order of this Court. Under the Scheduling Order issued March 18, 2005, the deadline for amendment of pleadings and joinder of additional parties was April 30, 2005. Currently, the deadline for discovery is February 1, 2006, the Trial Preparation Conference is set for February 13, 2007 and a four day jury trial is set for March 12, 2007. The named defendants in the complaint currently are DataFuzion and Douglas Davis, an officer of DataFuzion.

The substance of the FLSA claims here is that DataFuzion did not pay plaintiffs the minimum wage and overtime payments to which they were entitled. 29 U.S.C.§§ 206, 207. The FLSA issue relevant to this motion is whether defendants are statutory "employers" under FLSA, and whether and under what circumstances the members of the DataFuzion Board of Directors may be statutory employers under FLSA. These definitions are critical to potential liability of the defendants, and to potential recovery by the plaintiffs.

On December 28, 2005 plaintiffs filed this motion to amend their complaint to add the DataFuzion Board of Directors as defendants. The defendants oppose this motion.

### III.  DISCUSSION

Plaintiffs state two principle reasons for amending their complaint. First, Davis responded to interrogatories stating that he did not control the payroll or the hiring and firing of DataFuzion sales employees, but that these decisions were made by the DataFuzion Board of Directors.  If plaintiffs allegations are proven to be true, the Board of Directors, and not Davis, may  be liable to plaintiffs.  Second, plaintiffs contend that DataFuzion has recently represented that it might not be able to pay any judgment to plaintiffs even it is found liable. Plaintiffs do not state how recently they discovered this information.

Defendants make several arguments against this motion. First, defendants assert that the information regarding the potential liability of the Board of Directors has been known to plaintiffs since the responses to interrogatories were provided in July of 2005, and plaintiffs provide no justification for waiting almost six months to seek to amend their complaint. However, plaintiffs state that this motion was also prompted by recent statements by DataFuzion that they will be unable to pay any judgment. Defendants do not address this point.

Second, defendants argue that plaintiffs' theory that the Board of Directors may be liable as employers under the FLSA, solely because they are Directors, has no support in law and cannot withstand a motion to dismiss under Rule 12(b). Defendants state that they are unaware of any authority supporting this proposition, and that plaintiffs have not identified any. However, plaintiffs cite *Donovan v. Agnew,* 712 F.2d 1509 (1st Cir. 1983) for the proposition that under FLSA courts look to "economic reality" and not to "technical common law concepts of agency" to determine employer status. *Id.*  at 1510.  Under FLSA there can be multiple simultaneous employers, all of whom are joint and severally liable for unpaid wages. *Id.* at 1510-1511.  A

corporate officer can be an employer within the definition of the FLSA if the officer has "operational control" over corporate activities, even if the officer does not have an ownership interest in the corporation. *Id.* at 1511. While *Donovan* does not specifically address the potential FLSA liability of corporate directors who are not officers, the underlying intent of FLSA, as interpreted by *Donovan,* could apply to directors who make operational decisions.  Here, defendants have specifically stated, in denying plaintiffs' allegations, that it was the Board of Directors and not Davis who exercised hiring and firing authority and who controlled payroll. Under these circumstances, and without the more complete briefing that would occur in a Rule 12(b) motion, I cannot say that plaintiffs can prove no set of facts that would establish that the Board of Directors are liable under the FLSA, or that as a matter of law the Board of Directors cannot be liable under the FLSA.

Finally, defendants argue that granting plaintiffs' request to amend their complaint will unduly prejudice the defendants. Defendants assert that amending the complaint will mean additional discovery, subjecting them to increased costs. This is likely correct, but I do not find that this increase in expenses is sufficiently prejudicial to justify denying this motion. The trial is not scheduled until March of 2007, allowing sufficient time for discovery without delaying trial.

Conversely, denying this motion may prejudice plaintiffs. Plaintiffs have alleged, and defendants do not deny, that even if plaintiffs prevail they may be unable to collect any judgment due them from the current named defendants. Accordingly, the interests of justice require that the Board of Directors be added as defendants.

The defendants cite *DeBry v. Transamerica Corp.,* 601 F.2d 480, 492 (10th Cir. 1979), and *A.E. v. Mitchell*, 724 F.2d 864 (10th Cir. 1983). Neither of these cases is persuasive to the

facts of this situation. In *DeBry*, the Tenth Circuit found that the trial court acted within its discretion when it denied plaintiff's motion to amend its complaint a third time, three months prior to trial, to add a new cause of action. *Debry,* 601 F.2d at 492.  Here, the proposed second amended complaint does not add a new cause of action and trial is more than a year away. In *A.E.,* the Court denied plaintiffs' proposed fourth amended complaint that added new plaintiffs, new defendants, new causes of action and that was offered in part as a response to an Order already issued by the Court eight months previously. *A.E.,* 724 F.2d at 868. This is far from the facts here, where all of the claims are the same, trial is a year away and this amendment only adds new defendants.

Therefore, it is so Ordered that,

1) Plaintiffs' Motion for Leave to File Second Amended Complaint (Docket # 57) is GRANTED, and

2) Plaintiffs' Second Amended Complaint is accepted for docketing as proffered.

**DONE and ORDERED,** this ___30th___ day of January, 2006 at Denver, Colorado.

                                                s/Lewis T. Babcock
                                              United States District Chief Judge