IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-2116-LTB-OES

JEFFREY P. WINSLOW,
CHRISTOPHER J. HEIMERL, and
WALTER S. DEITCHMAN,

    Plaintiffs,

v.

DATAFUZION, INC.,
DOUGLAS P. DAVIS, individually, and
JOHN DOES 1 THROUGH 10, individually,

    Defendants.

## SECOND AMENDED COMPLAINT

Plaintiffs Jeffrey P. Winslow, Christopher J. Heimerl, and Walter S. Deitchman, by and through their attorney Stephen P. Gilmartin of Godin & Baity, LLC, for their Second Amended Complaint against DataFuzion, Inc., Douglas P. Davis, and John Does 1 through 10 (members of the Board of Directors of DataFuzion Inc.), allege as follows:

### PARTIES

1. Defendant DataFuzion, Inc. ("DataFuzion") is a Colorado corporation whose principal place of business is registered with the Secretary of State as 2120 W Littleton Blvd Ste 100, in the City of Littleton, Arapahoe County, Colorado.

2. Plaintiff Jeffrey P. Winslow ("Winslow") is a former employee of DataFuzion who worked for DataFuzion in Colorado.

3. Plaintiff Christopher J. Heimerl ("Heimerl") is a former employee of DataFuzion who worked for DataFuzion in Colorado.

4. Plaintiff Walter S. Deitchman ("Deitchman") is a former employee of DataFuzion who worked for DataFuzion in Colorado.

5. Defendant Douglas P. Davis ("Davis) is an officer of DataFuzion who acted directly in the interests of DataFuzion with respect to Plaintiffs.

6. Defendants John Doe 1 through 10 are persons who were members of the Board of Directors of Defendant DataFuzion during the period of Plaintiffs' employment by DataFuzion.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331 because claims are made under the Fair Labor Standards Act of 1938, 29 U.S.C. § 204, *et seq.*. This court has supplemental subject matter jurisdiction over the remaining claims in this matter pursuant to 28 U.S.C. § 1367 because the remaining claims arise from the same nucleus of operative facts.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events that form the basis of the Complaint occurred in the State of Colorado.

## FACTS

**GENERAL ALLEGATIONS**

9. DataFuzion employed Winslow pursuant to an Employment Agreement effective May 26, 2003. Winslow's Employment Agreement is attached hereto as Exhibit A.

10. DataFuzion employed Heimerl pursuant to an Employment Agreement effective April 8, 2003 and attached hereto as Exhibit B.

2

11. DataFuzion employed Deitchman pursuant to an Employment Agreement effective April 1, 2003 and attached hereto as Exhibit C.

12. Davis executed Plaintiffs' Employment Agreements on behalf of DataFuzion.

13. In their work for DataFuzion, Plaintiffs regularly used equipment from out of state, and regularly made telephone sales calls to persons located outside of Colorado.

14. Plaintiffs work for DataFuzion as salesmen was conducted almost entirely by telephone from DataFuzion's offices or from Plaintiffs homes and cell phones. Plaintiffs work for DataFuzion was not typically conducted in person on potential customers' premises or at trade shows or the like.

15. At least since August 22, 2003, Heimerl did not regularly direct the work of two or more other full time DataFuzion employees or the equivalent.

16. Winslow and Deitchman did not regularly direct the work of any other DataFuzion employee at any time during their employment.

17. Plaintiffs did not have or exercise authority to hire and fire other DataFuzion employees.

18. Davis controlled hiring and firing of DataFuzion sales employees; Davis controlled their payroll; and Davis controlled insurance decisions related to sales employees.

19. Pursuant to Plaintiffs Employment Agreements, DataFuzion was to provide health care insurance to Plaintiffs.

20. Davis' decisions and conduct affected Plaintiffs by making it possible for DataFuzion to meet its payroll obligations or pay its insurance premiums.

21. By non-payment of premiums, DataFuzion allowed Plaintiffs health care insurance to lapse.

22. Because of DataFuzion's failure to pay insurance premiums, Plaintiffs lost their health insurance coverage.

23. Defendants never paid Plaintiffs any overtime pay.

**WINSLOW**

24. During his employment by DataFuzion, Winslow worked approximately 50 hours per week.

25. Because of DataFuzion's failure to inform Winslow of its failure to pay health insurance premiums, Winslow was forced to pay additional premiums to his wife's health insurance provider, in the amount of approximately $250 per month, in order to maintain health coverage.

26. Pursuant to Winslow's Employment Agreement, DataFuzion compensated Mr. Winslow at a rate of $5,000.00 per month, paid in twice-monthly installments ("Base Pay").

27. DataFuzion and Davis did not pay Winslow his Base Pay or any other amount for December 1, 2003 through January 9, 2004.

28. Winslow resigned from DataFuzion effective January 9, 2004.

29. DataFuzion owes Winslow at least $6,590.91 in Base Pay under the Employment Agreement.

30. By email dated June 8, 2004, DataFuzion offered to pay Winslow 25% of the amount Winslow claims. The email is attached as Exhibit D.

31. DataFuzion has tendered nothing to Winslow since the date of Winslow's resignation.

4

**HEIMERL**

32. During his employment by DataFuzion, Heimerl worked approximately 50 hours per week.

33. Because of the lapse in health care insurance, Heimerl's spouse, also covered under Heimerl's health insurance policy from DataFuzion, had pay out of pocket for prescription drugs, in the amount of $70.69, and for a visit to a doctor, in the amount of $141.00.

34. Pursuant to Heimerl's Employment Agreement, DataFuzion compensated Heimerl at a rate of $8,333.33 per month, paid in twice monthly installments ("Base Pay").

35. For the most recent three pay periods of his employment by DataFuzion, DataFuzion did not pay Heimerl his Base Pay or any other amount.

36. Heimerl resigned from DataFuzion effective December 1, 2003.

37. DataFuzion owes Heimerl at least $12,500 in Base Pay under the Employment Agreement.

38. Prior to his resignation, Heimerl had submitted expense reports totaling an additional $1,044.28.

39. DataFuzion has not reimbursed Heimerl for the amount set forth in paragraph 38.

40. Heimerl made a written demand for the salary and business expenses DataFuzion owes him by letter dated December 1, 2003. Heimerl's demand letter is attached as Exhibit E.

41. Heimerl made further written demand for repayment of the pharmacy and doctor visit expenses DataFuzion owes him.

42. DataFuzion has refused to pay the amounts that Heimerl demanded in and by Exhibit E.

43. In April 2004, DataFuzion offered to pay Heimerl $7,505.97 in payment for the amounts DataFuzion owed him. See letter attached as Exhibit F.

44. DataFuzion has tendered nothing to Heimerl since the date of Heimerl's resignation.

**DEITCHMAN**

45. Deitchman worked substantially more than 40 hours per week during at least the first six months of his employment by DataFuzion.

46. Pursuant to Deitchman's Employment Agreement, DataFuzion compensated Mr. Deitchman at a rate of $6,666.67 per month ("Base Pay"), in twice-monthly installments, plus benefits including vacation.

47. Deitchman resigned from DataFuzion effective December 17, 2003.

48. At the time of his resignation, DataFuzion had not paid Deitchman his Base Pay for 1½ months.

49. The Base Pay owed to Deitchman at the time of his resignation was $10,000.

50. Deitchman's Employment Agreement contains no provision requiring Deitchman to return any amount of Deitchman's Base Pay to DataFuzion under any circumstances relevant to this action.

51. At the time of his resignation Deitchman had accrued but not used 3.31 days of vacation.

52. The unused vacation is equivalent to additional compensation of $1,018.46

53. At the time of his resignation, DataFuzion owed Deitchman an additional $131.14, at least, in unpaid expenses.

54. Deitchman had duly submitted the unpaid expenses referred to in paragraph 53 for reimbursement prior to his resignation.

55. Deitchman made a written demand for the amounts set forth in paragraphs 49, 52, and 53 above by letter dated December 17, 2003. Deitchman's demand letter is attached as Exhibit G.

56. DataFuzion has refused to pay the amounts Deitchman demanded in and by Exhibit G.

57. DataFuzion has tendered payment to Deitchman in the amount of $132.01 and nothing further. See copy of check attached as Exhibit H.

### COUNT I: VIOLATION OF FAIR LABOR STANDARDS ACT, MINIMUM WAGE
### (Against All Defendants)

58. Plaintiffs reincorporate all prior paragraphs as though fully set forth herein.

59. During the course of Plaintiffs' employment by DataFuzion, they were engaged in interstate commerce.

60. At least since August 22, 2003, Plaintiff Heimerl was not a bona fide executive under the FLSA while employed by DataFuzion.. 29 C.F.R. § 541.1(b). Plaintiffs Winslow and Deitchman never qualified as bona fide executives under the FLSA while employed by DataFuzion.

61. Plaintiffs were not outside salesmen under the FLSA while employed by DataFuzion.. 29 C.F.R. § 541.500(a).

62. Defendants violated the FLSA. 29 U.S.C. § 206(a) by their failure to pay Plaintiffs minimum wage for approximately the three most recent pay periods of their employment.

WHEREFORE, pursuant to 29 U.S.C. § 206(a), Plaintiffs demand from Defendants, jointly and severally, at least minimum wage for the last three pay periods of their employment

at forty hours per week. Pursuant to 29 U.S.C. § 216(b), Plaintiffs further demand additional, equal amounts as liquidated damages, as well their costs and attorneys fees incurred in pursuing this claim, pre- and post-judgment interest, and such other and further relief as this Court deems appropriate.

### COUNT II: VIOLATION OF FAIR LABOR STANDARDS ACT, OVERTIME PAY
### (Against All Defendants)

63. Plaintiffs reincorporates all prior paragraphs as though fully set forth herein.

64. Defendants violated the FLSA. 29 U.S.C. § 207(a) by their failure to pay Plaintiffs overtime wages.

65. Defendants owe Heimerl overtime in amounts to be determined for the period of at least August 22 through November 30, 2003. Defendants owe Deitchman and Winslow overtime wages in amounts to be determined for the entire period of their employment.

WHEREFORE, pursuant to 29 U.S.C. § 207(a), Plaintiffs demand from Defendants, jointly and severally, overtime pay as set forth above. Pursuant to 29 U.S.C. § 216(b), Plaintiffs further demand additional, equal amounts as liquidated damages, as well their costs and attorneys fees incurred in pursuing this claim, pre- and post-judgment interest, and such other and further relief as this Court deems appropriate.

### COUNT V: VIOLATION OF COLORADO WAGE CLAIM ACT
### (Against DataFuzion)

66. Plaintiffs reincorporate all prior paragraphs as though fully set forth herein.

67. Pursuant to the Colorado Wage Claim Act, CRS § 8-4-101 *et seq*. DataFuzion owes Winslow the principal amount set forth in paragraph 29 above.

8

68. Pursuant to the Colorado Wage Claim Act, CRS § 8-4-101 *et seq.*, DataFuzion owes Heimerl the principal amounts set forth in paragraphs 33, 37, and 38 above.

69. Pursuant to the Colorado Wage Claim Act, CRS § 8-4-101 *et seq.* DataFuzion owes Deitchman the principal amounts set forth above in Paragraphs 49, 52, and 53, above.

70. The amounts DataFuzion owes Plaintiffs were earned, vested, and determined by the time of each Plaintiff's resignation.

71. There is no good faith justification for DataFuzion's refusal to pay Plaintiffs the amounts DataFuzion owes them.

72. DataFuzion cannot show that DataFuzion owes Plaintiffs less than the amounts Data-Fuzion tendered to them.

73. Pursuant to the Colorado Wage Claim Act, Heimerl and Deitchman are entitled to an additional 50% penalty, to be paid by DataFuzion, based on the amounts DataFuzion owes them.

74. Pursuant to CRS § 5-12-102, interest has been accruing on the amounts DataFuzion owes Plaintiffs at a rate of 8% per annum since at least the beginning of the periods in which Plaintiffs were still employed by DataFuzion but were not being paid.

75. Plaintiffs are entitled to their reasonable attorneys fees incurred in pursuing the amounts DataFuzion owes them.

WHEREFORE: Plaintiffs pray that this Court grant a judgment in their favor and against DataFuzion in the amount of all unpaid wages and expenses in amounts set forth above, as well their costs and attorneys fees incurred in pursuing this claim, pre- and post-judgment interest, and such other and further relief as this Court deems appropriate.

9

### COUNT IV: Breach of Contract
### (Against DataFuzion)

76. Plaintiffs incorporate all prior paragraphs as though fully set forth herein.

77. By its failure to pay Plaintiffs their Base Pay and reimburse their duly submitted business expenses, and by its failure to provide health insurance, and in the case of Deitchman, by its failure to recompense unused vacation, DataFuzion breached its Employment Agreement contracts with each Plaintiff, causing harm to Plaintiffs.

WHEREFORE, Plaintiffs demand repayment of all medical expenses incurred because of lapse of their health insurance from DataFuzion. Plaintiffs further demand payment of all of their unpaid wages and reimbursement of their business expenses and (for Deitchman) recompense for unused vacation. Plaintiffs further request their costs and attorneys fees incurred in pursuing this claim, pre- and post-judgment interest, and such other and further relief as this Court deems appropriate.

78. Jury trial on all claims is demanded.

DATED this 28th day of December, 2004.

Respectfully submitted

GODIN & BAITY, LLC

/s/Stephen P. Gilmartin
By_____
    Stephen P. Gilmartin
1050 Seventeenth Street, Suite 1610
Denver, Colorado 80265
(303) 572-3100

> *Attorneys for Plaintiffs*
>
> Mr. Jeffrey P. Winslow
> 7827 Canvasback Circle
> Littleton, CO 80125
>
> Mr. Christopher J. Heimerl
> 5480 South Youngfield Court
> Littleton, Colorado 80127
>
> Mr. Walter S. Deitchman
> 6644 East Bates Ave.
> Denver, Colorado 80224